IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rashaun Scott, ) | |
| ) | Cr. No. 3:05-651 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Rashaun Scott is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Bennettsville in Bennettsville, South Carolina. On August 27, 2009, Movant, proceeding pro se, filed the within motion to vacate pursuant to 28 U.S.C. § 2255. Respondent filed a motion to dismiss on October 28, 2009. By order filed October 28, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response on November 30, 2009. On August 17, 2011, Respondent filed a supplemental response in opposition to Movant's § 2255 motion.

I. FACTS

A superseding indictment filed July 20, 2005, charged Movant with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 851(b)(1)A), all in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C) (Counts 25, 26, 34). On August 30, 2005, Respondent filed an Information to Establish a Prior Conviction pursuant to 21 U.S.C. § 851(a). On March 15, 2006, Movant filed a

plea agreement in which he pleaded guilty to Count 34. Among other things, Movant and Respondent stipulated and agreed that he had one prior felony conviction in 1999 and that Respondent had filed an Information pursuant to § 851 that subjected Movant to a maximum term of 30 years as to Count 34. ECF No. 381, ¶ 6. Movant and Respondent stipulated and agreed that Movant qualified as a career offender and that U.S.S.G. § 4B1.1 was applicable. Id. Movant further waived his rights to contest his conviction or sentence in any direct appeal or other post-conviction action, including any proceedings under § 2255, except that the waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. Id., ¶ 12. On March 28, 2006, the court held a change of plea hearing and accepted Movant's plea subsequent to a Fed. R. Crim. P. 11 plea colloquy.

A presentence investigation report (PSR) was prepared by the United States probation office. Movant was held accountable for 35.5 grams of crack cocaine. Thus, his base offense level under the 2005 Sentencing Guidelines was 30; he received a two-level increase for possessing a dangerous weapon; and a three-level reduction for acceptance of responsibility, for a total offense level of 31. Movant's total criminal history points totaled 10. Because the offense was committed less than two years following Movant's release from custody on July 27, 2003 for a sentence of unlawful carrying of a pistol and a subsequent ninety-day probation revocation, an additional two points were added under U.S.S.G. § 4A1.1(e).

Movant's criminal history category points of 12 established a criminal history category of V. Movant was determined to have two predicate offenses for career offender status: a sentence for distribution of powder cocaine on March 27, 1998 (PSR ¶ 34), and failure to stop for a blue light on

2

September 16, 2004 (PSR ¶ 41).[1] Because Movant was a career offender under U.S.S.G. § 4B1.1, his criminal history category became VI. Movant's guideline range was 188 to 235 months imprisonment. ECF No. 535.

On October 6, 2006, Movant was sentenced to incarceration for a period of 188 months. ECF No. 536. Movant appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit on October 12, 2006. The Fourth Circuit appointed counsel, who prepared a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there were no meritorious issues for appeal but requesting the Fourth Circuit to review the propriety of Movant's sentence. The Fourth Circuit affirmed Movant's conviction and sentence by order filed April 3, 2007. See United States v. Scott, 223 F. App'x 214 (4th Cir. 2007).

On April 16, 2008, the United States Supreme Court determined that predicate crimes under the Armed Career Criminal Act must include purposeful, violent, and aggressive conduct. Begay v. United States, 553 U.S. 137, 144-45 (2008). On January 5, 2009, the Court of Appeals for the Fourth Circuit, applying Begay, held that an *intentional* violation of South Carolina's failure to stop for a blue light law could still be a violent felony for Armed Career Criminal Act purposes. United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009). On January 13, 2009, the Supreme Court decided Chambers v. United States, 555 U.S. 122 (2009). In Chambers, the Court utilized a categorical approach to examine the generic offense of which the defendant was convicted to determine if the offense had as an element the use, attempted use, or threatened use of physical force.

On August 27, 2009, Movant filed the within § 2255 motion, alleging that his failure to stop

---

[1] Under S.C. Code Ann. § 56-5-750, "[i]n the absence of mitigating circumstances, it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light."

3

for a blue light was unintentional and thus the offense should not have been counted as a predicate offense for purposes of career offender status:

> **GROUND ONE**: Nunc Pro Tunc, Sixth amendment violation, District Court may have erred by assessing Criminal History Points. Based upon New Case Law in Roseboro v. United States, 551 F.3d 226, 248 (4th Cir. 2009), that attaches to prior convictions that was used to enhance my sentence no longer apply for the predicate offense, mainly failure to stop for a blue light, "Roseboro" states, Defendant was found that he could not be enhanced for "failure to stop for a blue light." My failure to stop was not intentional, and did not cause anyone any harm. Had radio playing, and failed to hear siren, or see blue light. When I discovered the blue light, I pulled to the side of the road.

ECF No. 653, 4.

On February 25, 2010, the Fourth Circuit issued United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). In Rivers, the Fourth Circuit, applying Chambers, determined that the South Carolina blue light statute, when viewed categorically, does not qualify as a predicate offense for purposes of the Armed Career Criminal Act.

## II. DISCUSSION

Movant seeks to be resentenced without the career offender status. Absent the career offender status, Movant's criminal history category would be V and his total offense level would be 29, which would yield a Sentencing Guidelines range of 140-175 months.

In its supplemental memorandum, Respondent first asserts that Movant's § 2255 motion is barred by the waiver in Movant's plea agreement. The court agrees.

Paragraph 12 of Movant's plea agreement reads, in full:

> 12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action,

4

including any proceeding under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 381, 7-8.

Where the government seeks to enforce an appeal waiver and there is no claim that the government breached its obligations under the plea agreement, the court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. United States v. Jaimes-Campos, 442 F. App'x 876, 877 (4th Cir. 2011) (citing United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010)). The same standard applies to waivers of motions for relief under § 2255. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In this case, the court engaged in a thorough colloquy with Movant as required by Fed. R. Crim. P. 11. See ECF No. 678-2. Movant averred that he understood the offense and the possible penalty he faced of twenty years to life. Id. at 12. With respect to the waiver provision, defense counsel informed the court as follows:

> MR. TRUSLOW: Your honor, based on the evidence that we had reviewed, including the photographs, videotapes, and audio tape, it appears clear that this was a case in which Mr. Scott should consider a plea. There just – just had to, considering the history, the overwhelming evidence, the risk. In fact, I did discuss this with the U.S. Attorney's Office, and considering his background and his – it was clear to me that this was the most prudent thing to do to protect Mr. Scott. I discussed this with him about waiving any appeal except for in the event of ineffective assistance of counsel. He understood it and has indicated he agreed.
>
> THE COURT: All right. Mr. Scott, you make certain waivers under 2255 and the Freedom of Information Act, and you feel it's in your best interest to do that?
>
> DEFENDANT SCOTT: Say that again?
>
> THE COURT: In this plea agreement you are waiving your right to contest your conviction, and also to seek information under the Freedom of Information Act. You

> are giving that right up. You understand that?
>
> DEFENDANT SCOTT: Yes, ma'am.
>
> THE COURT: Do you think it's in your best interest to do that, considering the agreement you have with the government?
>
> DEFENDANT SCOTT: Yes, ma'am.

Id. at 19-20.

At the conclusion of the change of plea hearing, the court found Movant to be fully competent and capable of entering an informed plea, that his plea of guilty was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. Id. at 28. The first prong of the test discussed in Jaimes-Campos has been met.

Movant argues that the waiver contained in the plea agreement is not applicable because the waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. However, the Court's ruling in Begay did not issue until approximately eighteen months after Movant was sentenced. There is no foundation in the record to support a finding that defense counsel was ineffective for failing to foresee a change in the law, or that Respondent sought a sentence not permitted under the law at the time. Movant's claim is without merit.

Further, enforcement of the valid waiver provision does not result in a miscarriage of justice. See United States v. Howard, 402 F. App'x 776, 777-78 (4th Cir. 2010) (citing cases). A miscarriage of judice occurs when the sentence (1) was imposed in excess of the maximum penalty provided by statute; (2) was based on a constitutionally impermissible factor such as race; (3) the defendant was deprived of effective assistance of counsel in connection with the waiver, or (4) the waiver seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Jordan,

438 F. App'x 180, 181 (4th Cir. 2011) (citing United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004)). Movant raises none of these grounds as an avenue for relief. The court finds that the waiver provision in Movant's plea agreement is enforceable. Accordingly, the court concludes that Movant is barred from bringing the within § 2255 motion.

Even if the waiver provision in the plea agreement did not bar Movant's § 2255 motion, Movant cannot prevail. At the time of Movant's indictment, guilty plea, and sentencing, failure to stop for a blue light was deemed to be a violent felony. Under 28 U.S.C. § 2255(f)(3), an inmate in federal custody may bring a cause of action within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Under this provision, "the Supreme Court is the only entity that can make a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." Tyler v. Cain, 533 U.S. 656, 663 (2001). The holdings in Begay[2] and Chambers have not been made retroactive to cases on collateral review. Movant claim is without merit for this additional reason.

### III. CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 678) is **granted**. Movant's § 2255 motion is denied and dismissed, with prejudice.

### IV CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

---

[2] The court further notes that the within action was not filed within one year of Begay, so also is untimely, at least as to that precedent.

7

constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

September 10, 2012

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**